UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY ASBERRY, | ) | 1:05-CV-0871 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| A.K. SCRIBNER, | ) | ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

**BACKGROUND**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 15, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On October 20, 2008, Petitioner filed objections to the Findings and Recommendation.

**DISCUSSION**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

The objections do cause the court to add additional analysis to one of Petitioner's claims. Petitioner claims that he was incompetent to waive his right to an attorney and represent himself trial. In support of this claim are medical records that span from early September 1998 to late December 1998. These records indicate that at some earlier time, when Petitioner was in state prison, Petitioner was diagnosed as having a Psychotic Disorder and given Thorazine 50 mg. Petitioner was released on September 15, 1998. Upon release, Petitioner was treated by the Fresno County Mental Health Department. The medical doctor who treated Petitioner diagnosed him as having a psychotic disorder, polysubstance dependence, and antisocial personality disorder. This doctor raised Petitioner's Thorazine dose to 100 mg. At some point, the doctor changed Petitioner's medication to Zyprexa 10 mg and Vistaril 50 mg. After December 1998, there is no record that Petitioner was seen by a doctor or provided with medication. The County Mental Health Department's records indicate Petitioner did not got to appointments and he was discharged from the program in March 1999. The last medical records provided by Petitioner are from April 1999. These records concern a possible suicide attempt by Petitioner while in jail. There are no further medical records regarding Plaintiff's mental health or medications.

The court has concerns that given Petitioner's psychiatric state in 1998, Petitioner may have continued to have mental health problems through 1999, including the time Petitioner represented himself at trial. The primary problem is the court only has before it a brief window into Petitioner's mental health. Petitioner has failed to provide evidence of his mental health issues for any time other than a few months in 1998. While Petitioner claims he needed medication during the trial in 1998, Petitioner provides no medical records for that time showing any diagnosis, medications, or lack of medications. Petitioner provides no evidence from any doctor concerning Petitioner's mental state. Without additional evidence, Petitioner has failed to show he had a mental health

condition that was so severe Petitioner was not competent to waive his right to an attorney and represent himself.  The court declines to sua sponte request more information.  Petitioner failed to develop the factual basis of his claim in the state court proceedings.  If a petitioner failed to develop the factual basis of a claim in state court proceedings, the district court ***shall not hold*** an evidentiary hearing absent narrow exceptions not at issue in this case.  See 28 U.S.C. § 2254(e)(2).

The court must presume that state court's factual findings are correct.  28 U.S.C. § 2254(e)(1).  The court may not overturn state factual findings "absent clear and convincing evidence" that they are "objectively unreasonable."  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007).  The Ninth Circuit has stated that in applying the Faretta factors, federal courts must give significant deference to the trial court's factual findings.  See Stenson, 504 F.3d 882 (citing 28 U.S.C. § 2254(e)(1) which states that state court factual findings "shall be presumed to be correct").  Here, the trial court's implied factual finding is that Petitioner did not have a serious mental health illness that was going untreated.  Petitioner has not presented clear and convincing evidence to overcome the presumption of correctness that this court must accord the trial court's factual determination regarding Plaintiff's mental state.  See 28 U.S.C. § 2254(e)(1).

Under AEDPA a habeas petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Given the implied factual finding regarding Petitioner's mental illness, the court cannot say the state court's determination that Petitioner had waived his right to counsel was contrary to clearly established federal law or an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(2).

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue

a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

//

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued September 15, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    December 16, 2008              /s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE